**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DOUGLAS TYLER WOODS,

      Petitioner-Appellant,

v.

JAMES STADLER, Parole Officer;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 99-1527
(D.C. No. 99-M-1212)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, PORFILIO,** and **MURPHY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Douglas Tyler Woods seeks a certificate of appealability to pursue his appeal from a decision of the district court denying his petition for habeas relief filed pursuant to 28 U.S.C. § 2254. Having determined that Mr. Woods has failed to make "a substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

Mr. Woods, proceeding pro se, was convicted by a jury of second degree burglary and third degree assault. The trial court granted a new trial on the assault charge. The state dismissed that charge. Mr. Woods was sentenced to five years' imprisonment and five years' parole. His conviction was affirmed on appeal. See People v. Woods, 931 P.2d 530 (Colo. Ct. App. 1996).

In his § 2254 petition, Mr. Woods alleged that insufficient evidence was presented to the jury to prove the burglary charge as the jury acquitted him of theft. He also alleged that the prosecutor withheld evidence of the victim's bloody shirt violating his right to full disclosure of the evidence against him. The district court held that the shirt was not material to the burglary charge as it was admitted only to the assault charge which was dismissed. The court also determined that the evidence was sufficient to support the jury's verdict.

On appeal, Mr. Woods argues that the district court did not review the evidence presented at trial de novo. He maintains that a de novo review would

show that no evidence placed him at the scene of the burglary.  He also argues that the court erred in determining that he was not ambushed with fake and withheld evidence by the prosecutor.

We have reviewed the district court's judgment in light of Mr. Woods' submissions to this court and the record on appeal.  We agree that Mr. Woods failed to establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,"    id. § 2254(d)(2).

We DENY Mr. Woods' request for a certificate of appealability and DISMISS this appeal.

Entered for the Court


Wade Brorby
Circuit Judge